IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Northern Division*

| | |
|---|---|
| **MICHAEL HAWKINS and**<br>**MELINDA HAWKINS,**<br>**individually and as natural parents**<br>**and next friends to their minor son**<br>**L.H.**<br>73 Lake Forest Circle<br>Felton, DE 19943<br><br>     *Plaintiffs*,<br><br>v.<br><br>**WORK HORSE FARM RESCUE**<br>**& EXOTICS, INC.**<br>25883 Garey Road<br>Denton, Maryland 21629<br><br>**SERVE ON RESIDENT AGENT:**<br>Tiffany Mielke<br>25883 Garey Road<br>Denton, Maryland 21629<br><br>     *Defendant*. | Civil No.: |

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiffs, Michael and Melinda Hawkins, individually and as natural parents and next friends for their minor son L.H., by their attorneys, Aaron M. Blank, Esq., and Blank Kim P.C., and Ronald G. Polinquin, Esq., and the Polinquin Firm, LLC and files this Complaint and Jury Demand against the Defendant Work Horse Farm Rescue & Exotics, Incorporated, and for their claim states the following:

## PARTIES

1.    Plaintiffs are the natural parents of L.H., a minor, and at all times relevant hereto, are residents of Kent County, Delaware.

2.      At all relevant times, Work Horse Farm Rescue & Exotics, Incorporated ("Work Horse") is a corporation organized under the laws of Maryland, with its principal place of business at 25883 Garey Road in Denton, Caroline County, Maryland 21157. Work Horse owned and/or managed the premises known as Work Horse Farm Rescue and Exotics located at 25883 Garey Road, Denton, Maryland 21157 in Caroline County, Maryland.

3.      At all relevant times, L.H. was a business invitee of Work Horse at Work Horse Farm Rescue and Exotics located at 25883 Garey Road, Denton, Maryland 215557.

## JURISDICTION AND VENUE

4.      There is complete diversity of citizenship between Plaintiffs and Defendant in this case. The amount in dispute in this action, exclusive of interest and costs, exceeds the sum of $75,000. Therefore, this Court has jurisdiction over this dispute under 28 U.S.C. § 1332.

5.      This Court has personal jurisdiction over Defendant Work Horse because it is incorporated in the state of Maryland.

6.      Venue in this district is proper under 28 U.S.C. § 1391(b)(1) because the defendant resides in this district.

7.      In material respects, all of the claims and events alleged herein occurred in Caroline County, Maryland.

## FACTS COMMON TO ALL COUNTS

8.      Work Horse operates a farm where visitors may purchase tickets to see exotic farm animals.  Visitors are taken on thirty-minute guided tours of the property and animals.

9.      On or about July 30, 2022, Plaintiff L.H., his brother, and his parents visited Work Horse's farm for this guided tour.

2

10.     While on the tour, then 2-year-old L.H. tripped and fell into an unprotected and unguarded burn pit on the farm.

11.     This burn pit was open and easily accessible to Work Horse's customers.

12.     There were no warning signs, barriers, safety measures, or other safety demarcations to prevent any person from accessing the burn pit.

13.     The burn pit contained dangerously hot materials.

14.     Work Horse was aware that many of its customers included families with small children, like L.H., and did not take measures to protect them from the burn pit.

15.     L.H. was taken to Urgent Care and then air transported by helicopter to Johns Hopkins. L.H. was admitted to Johns Hopkins Emergency Department on that day, transferred to the hospital on July 31, 2022, and discharged August 2, 2022.

16.     In this hospital stay, he was diagnosed with both partial thickness burns and deep partial thickness burns. On arrival at Johns Hopkins, L.H. was assessed to have 1st and 2nd degree burns on his forearms, wrists, hands, and fingers.

17.     As a result of the Defendant's negligence, L.H. suffered extreme physical and emotional pain and suffering, economic damages, past and future medical expenses, and permanent, physical injuries.

### COUNT I: NEGLIGENCE
### WORK HORSE FARM RESCUE & EXOTICS, INCORPORATED

18.     The substance of the foregoing factual allegations are hereby re-alleged and incorporated by reference herein, and Plaintiffs further state:

19.     At all relevant times relevant hereto, Defendant Work Horse owed a duty to L.H. to properly maintain and supervise the common areas of the business in question as to furnish L.H.

3

with a reasonably safe premises, free from hazards which were recognized or should have been recognized by them as causing serious physical harm to L.H. and others.

20.     Work Horse, by and through its employees and/or agents, breached that duty by: failing to maintain its premises in a reasonably safe condition to ensure that L.H. would not fall into a burn pit which existed and which was known or should have been known by Defendant Work Horse; failing to maintain the premises owned and/or operated by Defendant Work House in a good and safe condition for L.H. and others; failing to inspect the area surrounding the burn pit to determine if it was a danger to business invitees like L.H.; inviting small children onto its premises but failing to take age-appropriate safeguards regarding the burn pit; failing to warn business invitees as to the dangers of the burn pit; failing to utilize barriers to prevent business invitees from falling into the burn pit; failing to provide and maintain reasonably safe premises to its business invitees; failing to provide and maintain reasonably safe premises to children invited upon their property, given their age and capacity; failing to otherwise comply with the laws of the State of Maryland and Caroline County; failing to comply with industry, statutory, regulatory, or other safety standards; failing to exercise the degree of care required under the circumstances; otherwise negligently maintaining the premises where L.H. was injured; and otherwise being vicariously liable for the negligence of the agents, employees, and/or servants who did not set warning signs or boundary markers for the burn pit.

21.     These breaches in the standards of care were the direct and proximate cause of L.H.'s pain and suffering.

22.     At all relevant times, the professionals and staff that worked at Work Horse Farm Rescue and Exotics were the employees or actual agents of Work Horse and were operating within the scope of their employment or agency.

23.     Work Horse is vicariously liable for the acts or omissions of its employees and actual or apparent agents.

24.     Minor L.H. did not cause or contribute to the happening of this incident in any way.

25.     Minor L.H. did not voluntarily assume the risk of the injuries he sustained.

26.     Minor L.H. was in an area he had permission to be in as a business invitee.

27.     Minor L.H. exercised such care as would be reasonably expected from a person of his age and capacity.

28.     As a direct and proximate result of Defendant Work Horse's negligence, L.H. has suffered and will continue to suffer from permanent bodily injuries, including left and right forearm, hand, wrist, and finger partial thickness burns, scarring, and difficulty developing or training motor skills. L.H. has further sustained past, present, and future pain and suffering, emotional harm and mental anguish; medical bills; and loss of enjoyment of life.

Wherefore, Michael and Melinda Hawkins, individually and as natural parents and next friends of their minor son L.H., demands judgment against Defendant Work Horse Farm Rescue & Exotics, Incorporated, in an amount to exceed Seventy-Five Thousand Dollars ($75,000.00) for economic and non-economic damages, plus all costs and expenses of this litigation, plus post judgment interest at the legal rate from the date of the judgment.

Dated: February 28, 2025                              Respectfully Submitted,

Aaron M. Blank (#19300)
Blank Kim, P.C.
8455 Colesville Road #920
Silver Spring, Maryland 20910
(240) 599-8917
(240) 599-5012
ablank@bkinjury.com

5

    /s/ Ronald G. Poliquin
Ronald G. Poliquin, *pro hac vice* forthcoming
The Poliquin Firm, LLC
1475 S. Governors Ave.
Dover, DE 19904
(302) 702-5501
(302) 213-0042
ron@polinquinfirm.com

*Attorneys for Plaintiffs*

## JURY DEMAND

Plaintiff elects to have all issues raised herein tried by a jury.

Aaron M. Blank

6